WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ghanbar Mahmoodi Chalbatani,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Marco Rubio,<br>Pam Bondi,<br>Kristi Noem,<br>John/Jane Doe Deputy Secretary of State,<br>Julie Stufft,<br>Emil Bove,<br>Kristine Kvien, and<br>David Allen,<br><br>　　　　　　　Defendants. | No. CV-25-00721-PHX-SHD<br><br>**ORDER** |

Petitioner Ghanbar Mahmoodi Chalbatani filed the pending "Complaint for Declaratory and Injunctive Relief and Writ of Mandamus." He styled the caption: Ghanbar Mahmoodi Chalbatani on behalf of his wife Elahe Gharagouzloo. In short summary, the relief sought is to "compel the adjudication of the DS-160 nonimmigrant H4 visa application." (Doc. 1 at 3). The Complaint alleges the application has been pending for 12 months. (*Id.* at 9).

Petitioner has moved to proceed in forma pauperis ("IFP"). (Doc. 2). Accordingly, the Court will screen the complaint. *See* 28 U.S.C. § 1915(e)(2).

**I.    Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235

(9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). The Court may also, "consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023), *cert. denied sub nom. Hymas v. Dep't of the Interior*, 144 S. Ct. 2604 (2024). The Court may also impose a partial filing fee. *Id*. at 767.

Here, Petitioner's hand-written IFP application is difficult to read in parts. In the IFP application, Petitioner represents that he earns $3,800 per month and spends $3,770 per month on living expenses. (Doc. 2). Based on these representations, Petitioner spends all of his funds on necessities. However, in his letter to immigration authorities, he represents that he earns $57,000 per year; which would be $4,750.00 per month. (Doc. 1 at 30). Based on this representation, Petitioner would have sufficient disposable income to pay the filing fee.

Additionally, it appears Petitioner has $15,000.00 in his checking account. (Doc. 2 at 2). If this is true, Petitioner can pay the filing fee without foregoing the necessities of life. As indicated above, however, the Court is not confident it has correctly read Petitioner's handwriting. Accordingly, Petitioner will be required to re-file his IFP application in a legible format. Petitioner must also explain the discrepancies between his statements about his income to this Court versus in his letter at Doc. 1 page 30.

**II.     Screening**

   **A.     Representation**

As indicated above, Petitioner captioned this case: Ghanbar Mahmoodi Chalbatani on behalf of his wife Elahe Gharagouzloo. A non-lawyer cannot appear in federal Court on behalf of any other party. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the

1  privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does
2  not extend to other parties or entities.") (collecting cases); *Johns v. County of San Diego*,
3  114 F.3d 874, 876–877 (9th Cir. 1997) (explaining that a non-attorney may
4  appear pro se on his own behalf but has no authority to appear as an attorney for others);
5  *Russell v. United States of America*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing
6  in propria persona has no authority to represent anyone other than himself.") (per curiam).

7  Thus, to the extent the "true" Petitioner in this case is Elahe Gharagouzloo, Ghanbar
8  Mahmoodi Chalbatani cannot represent her; she must be represented by counsel. As a
9  result, any claims of Elahe Gharagouzloo must be dismissed unless an attorney enters an
10  appearance on her behalf.

11  As to whether Ghanbar Mahmoodi Chalbatani has his own claims, on which he may
12  represent himself, the Complaint is unclear. The caption indicates only Elahe
13  Gharagouzloo has claims. In other words, the caption was not styled Ghanbar Mahmoodi
14  Chalbatani individually, and on behalf of his wife Elahe Gharagouzloo. But the body of
15  the complaint suggests there are two Plaintiffs by seeking relief including, "Compel
16  Defendants to complete the background checks for and processing of plaintiff**s** DS-160
17  nonimmigrant H4 visa application**s**". (emphasis added; apostrophe omitted in original).
18  This sentence suggests there is more than one application pending. However, all the
19  supporting documentation attached to the Complaint is for only Elahe Gharagouzloo's
20  application. As a further example, the Complaint states, "Plaintiff**s** have been forced to
21  remain in Iran.…" (Doc. 1 at 14) (emphasis added). However, the IFP application states
22  that Ghanbar Mahmoodi Chalbatani is working at the Mayo Clinic in Arizona (Doc. 2) and
23  the Complaint lists an Arizona address (Doc. 1 at 1). The Complaint again confirms that
24  Petitioner Ghanbar Mahmoodi Chalbatani already has his visa and is living in the United
25  States. (Doc. 1 at 7, ¶ 21). These discrepancies, taken as a whole, suggest Elahe
26  Gharagouzloo is the "true" Plaintiff/Petitioner, and for the reasons stated, this case must be
27  dismissed unless she obtains counsel.

**B.     Screening**

> [In 28 U.S.C. § 1915(e)(2)] Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

As indicated above, the relief sought is to compel the eight named Defendants to, at a minimum, process Elahe Gharagouzloo's DS-160 nonimmigrant H4 visa application. (Doc. 1 at 3). The Complaint alleges the application is pending with the U.S. Consulate in Armenia. The Court's ability to grant relief in these circumstances is very limited.

Generally,

> A district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief "is available ... only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). The Mandamus Act "is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes him a nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 603–04 (1984).

*Next League Exec. Bd. LLC v. Biden*, No. CV-24-00659-PHX-DJH, 2024 WL 5038615, at *7 (D. Ariz. Dec. 4, 2024). Additionally,

> "[P]etitioners whose applications for adjustment in status are properly before the INS ... have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time." *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (citations omitted). However, in cases where courts have addressed "the specific issue of whether there has been unreasonable delay in processing an immigration status application, courts have typically 'look[ed] to the source of the delay—e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding.'" *Id.* (citing *Saleh v. Ridge*, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005)).

*Id.*

However,

> Plaintiffs cannot challenge the ultimate decision of the American consulate to deny the applications. Neither INS nor this court has any power to review visa decisions of consular officials. *See, e.g., Li Hing of Hong Kong, Inc. v. Levin,* 800 F.2d 970 (9th Cir.1986) ("[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review."). [footnote omitted]
> This case is easily resolved under the Ninth Circuit's decision in *Patel v. Reno,* 134 F.3d 929 (9th Cir.1997) (as amended). In that mandamus action arising from a visa petition, the court held that "summary judgment against all entities and officials without power to issue a visa was properly granted by the district court." 134 F.3d at 933. The Patels requested that the district court require the non-consular defendants, including former Attorney General Janet Reno, the INS, and the local district director of the INS, "to refrain from hindering the State Department's issuance of the immigrant visas." *Id.* Plaintiffs request essentially the same relief here, in asking this Court to require Defendant Coultice to act on their previously-approved returned petitions. However, the Ninth Circuit held in *Patel* that "mandamus is an inappropriate remedy with regard" to non-consular officials, whose duties were discretionary. *Id.* …
> It is possible that a district court could issue a writ of mandamus, under the reasoning of *Patel,* to compel the INS to act on an **initial** petition that has been suspended because the statutory and regulatory language suggest that the INS has some obligation to act on petitions. *See* 8 U.S.C § 1154(b) ("[a]fter an investigation ... the Attorney General **shall**, if he determines ... that the alien [on] behalf of whom the petition is made ... is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition") (emphasis added); 8 C.F.R. § 103.2(b)(19) ("An applicant or petitioner **shall** be sent a written decision on his or her application, petition, motion, or appeal.") (emphasis added). But …, the Court does not find any statutory language obligating the INS to approve or reject petitions returned by consulate officials. …If the INS has no obligation to act on the returned petitions at all, it certainly has no obligation to act within a certain period of time. Because the INS has no duty to act, this Court has no jurisdiction to issue a writ of mandamus.

- 5 -

*Luo v. Coultice*, 178 F. Supp. 2d 1135, 1139–40 (C.D. Cal. 2001) (emphasis in original).

### 1. Count I

Here, in Count I, the Complaint claims a violation of 5 U.S.C. § 555(b). This statutory section states:

> (b) A person compelled to appear in person before an agency or representative thereof is entitled to be accompanied, represented, and advised by counsel or, if permitted by the agency, by other qualified representative. A party is entitled to appear in person or by or with counsel or other duly qualified representative in an agency proceeding. So far as the orderly conduct of public business permits, an interested person may appear before an agency or its responsible employees for the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency function. With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time**, each agency shall proceed to conclude a matter presented to it. This subsection does not grant or deny a person who is not a lawyer the right to appear for or represent others before an agency or in an agency proceeding.

*Id.* (emphasis added).

It appears that Petitioner brings this claim arguing that the application has not been processed in a reasonable time. (Doc. 1 at 10-12). However, as the last sentence states, a non-lawyer cannot represent a person before the agency, and as discussed above cannot represent a person before this Court. For these reasons, any claim of Elahe Gharagouzloo must be dismissed.

Additionally, on this record, the Court cannot determine a basis for Ghanbar Mahmoodi Chalbatani to have standing to complain that another individual's application was not processed "in a reasonable time." For this Court to have jurisdiction under Article III of the constitution, the standing inquiry requires the plaintiff to have suffered an "injury in fact." *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982). The Supreme Court has developed a multi-part test courts must apply to determine standing. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). Relevant here, however, is that in addition to the test discussed in *Laidlaw*, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." *Valley Forge Christian College*, 454 U.S.

at 474–75.  For example, a suing party must assert his or her own rights and interests and cannot base his or her claim for relief upon the legal rights or interests of others.  *See Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Rasmussen v. City of Lake Forest*, 404 F. Supp. 148, 154 (N.D. Ill. 1975) ("one cannot sue for the deprivation of the civil rights of others").

As stated above, it does not appear that Ghanbar Mahmoodi Chalbatani has standing to bring an individual claim under 5 U.S.C. § 555(b).  Accordingly, assuming he intended to bring an individual claim, on this record, this claim will also be dismissed.

### 2. Count II

In Count II the Complaint seeks Mandamus to compel Defendants to "perform their duties" and specifically for the Defendant Consulate to adjudicate the applications.  (Doc. 1 at 12-13).  To reiterate, as the Court in *Luo* stated, "the Ninth Circuit held in *Patel* that 'mandamus is an inappropriate remedy with regard' to non-consular officials, whose duties were discretionary." *Id*. at 1140.  And, this Court has no power to review a consular official's decision. *Id*. at 1139.  Thus, the Court is skeptical that Mandamus would be available against any of the eight Defendants named in the Complaint.

However, before the Court reaches the issue of stating a claim for Mandamus relief, the Court will first address the issue of counsel for Elahe Gharagouzloo, who appears to be the person seeking to have an application processed.  As discussed above, Ghanbar Mahmoodi Chalbatani cannot represent her or bring this claim on her behalf.  Therefore, Elahe Gharagouzloo's claim for Mandamus will be dismissed.

The Court will also address whether Ghanbar Mahmoodi Chalbatani has any individual claims. Assuming Ghanbar Mahmoodi Chalbatani intended to bring an individual claim, the Court notes that Ghanbar Mahmoodi Chalbatani alleges certain emotional distress damages resulting from being apart from his spouse.  However, he cites nothing that would support that Mandamus is available to remedy emotional distress damages.  And for the reasons discussed above, it further does not appear that he has standing to prosecute a Mandamus claim seeking to redress a harm to his wife.  For all of

these reasons, Count II will also be dismissed.

### C. Leave to Amend

Unless the Court determines that a pleading could not be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court finding an amendment would be futile alone justifies not granting leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, for all of the reasons discussed above regarding the Court's uncertainty as to the intended allegations of the Complaint, the Court cannot conclude that leave to amend would be futile. Accordingly, the Court will grant Petitioner leave to amend with the following cautions.

First, Petitioner should note that an amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id.*

Second, Petitioner Ghanbar Mahmoodi Chalbatani, pro se, cannot assert any claims on behalf of his wife. Therefore, for any claims Elahe Gharagouzloo seeks to bring, she must have counsel.

Third, it is unlikely Ghanbar Mahmoodi Chalbatani in his individual capacity would have standing to bring claims seeking to vindicate the rights, if any, of Elahe Gharagouzloo. In any amended complaint, Ghanbar Mahmoodi Chalbatani must allege how he individually suffered an injury in fact and under what legal theory.

Finally, to state a claim against multiple defendants, a person bringing suit cannot

use a "shotgun" pleading approach by lumping all defendants together. As another court has explained:

> Related to plausibility…is the concept of shotgun pleading. Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. One common theme of Rule 8(a)…, *Iqbal* [and] *Twombly*… is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong.
>
> …
>
> One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then "each count incorporates every antecedent allegation by reference [.]" *Byrne*, 261 F.3d at 1129.

*Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Thus, "Plaintiff is advised that in order to state a claim, he must allege specific facts as to each defendant indicating what specific conduct they engaged in that caused injury to Plaintiff and when they did so." *Cruz v. Gipson*, No. 1:14-CV-00418-BAM-PC, 2015 WL 6689550, at *4 (E.D. Cal. Oct. 30, 2015). In other words, as discussed above, Petitioner names eight Defendants with very different rolls within the Government. As pleaded, the complaint does not state a claim against each of them individually by the use of allegations against all of them as if they are one entity.

Thus, for any amended complaint to survive screening, Petitioner must consider each of the foregoing requirements and plead accordingly.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is denied, without prejudice. Within 14 days of the date of this order Petitioner must either re-file the application addressing the Court's questions discussed above or pay the filing fee. If Petitioner fails to either re-file the application, or pay the filing fee, within 14 days of the date of this Order, the Clerk of the Court shall dismiss this case, without prejudice, and

enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Complaint for Declaratory and Injunctive Relief and Writ of Mandamus (Doc. 1) is dismissed without prejudice for the reasons discussed above. Petitioner has 30 days from the date of this Order to file an amended complaint. If Petitioner fails to file an amended complaint within 30 days of the date of this Order, the Clerk of the Court shall dismiss this case, without prejudice, and enter judgment accordingly.

Dated this 21st day of March, 2025.

_____
Honorable Sharad H. Desai
United States District Judge